**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| WISCONSIN TECHNOLOGY VENTURE GROUP, LLC,<br><br>        Plaintiff,<br><br>   v.<br><br>FATWALLET, INC.,<br><br>        Defendant. | **CASE NO. 12-cv-326**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Wisconsin Technology Venture Group, LLC hereby alleges for its complaint against defendant Fatwallet, Inc. on personal information as to Plaintiff's own activities, and upon information and belief as to the activities of others, as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

## PARTIES

2. Plaintiff Wisconsin Technology Venture Group, LLC ("WisTech") is a Wisconsin limited liability company.

3. WisTech is the owner of U.S. Patent No. 8,032,418 ("the '418 Patent"), entitled "Searching Apparatus and a Method of Searching", issued October 4, 2011 (copy attached as Exhibit A).

4. WisTech is the owner of the entire right, title, and interest in the '418 Patent and has standing to sue for all past, present, and future infringement of the '418 Patent.

5. Upon information and belief, Defendant Fatwallet, Inc. is a Delaware corporation with its principal business address at 100 East Grand Avenue, Beloit, Wisconsin. Upon information and belief, Fatwallet transacts business and has provided to customers in this judicial district and throughout the State of Wisconsin products and/or services that infringe and/or induce infringement of, and/or contribute to infringement of, one or more claims of the '418 Patent.

6. Upon information and belief, Fatwallet manufactures, imports into the United States, sells, offers for sale, and/or uses software products that infringe one or

more claims of the '418 Patent. Upon information and belief, such software products are offered for sale to customers in this judicial district and throughout the State of Wisconsin.

## JURISDICTION AND VENUE

7. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. Personal jurisdiction over Defendant is proper in this court. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c) and/or 1400(b).

## DEFENDANT'S INFRINGEMENT OF THE '418 PATENT

9. Upon information and belief, Defendant has infringed and continues to infringe the '418 Patent under 35 U.S.C. § 271(a) by making, using, modifying, upgrading, performing quality control, and providing support for its search engine software and/or hardware available at <fatwallet.com> and/or other products and/or services provided by means of that software and/or hardware

10. Upon information and belief, Defendant has also been and is directly infringing the '418 Patent under 35 U.S.C. § 271(a) by selling, offering for sale, and/or importing into the United States search engine software and/or other products and/or services that infringe one or more claims of the '418 patent.

11. Upon information and belief, Defendant's customers and other users of Defendant's software and other products and the services provided by means of that software and/or hardware and other products, have been and are directly infringing one or more claims of the '418 Patent under 35 U.S.C. § 271(a).

12. Upon information and belief, Defendant has been and is actively inducing infringement of one or more claims of the '418 Patent under 35 U.S.C. § 271(b) by providing to customers, including customers in this judicial district, its search engine software and other products, as well as services provided by means of its search engine software and other products, along with instructions and directions that result in the use of the methods, computer programs, and systems disclosed and claimed in the '418 Patent. On information and belief, Defendant knew, or should have known, that its customers and other users of its services would use Defendant's search engine software and other products to infringe the '418 Patent and intended such infringement.

13. Upon information and belief, Defendant has been and is contributorily infringing one or more claims of the '418 Patent under 35 U.S.C. § 271(c) by making, selling, and/or offering for sale to customers, including customers in this judicial district, its search engine software and other products, as well as services provided by means of its search engine software and other products. Defendant's search engine software and other products are each a material part of the invention claimed in the '418 patent, are not staple articles or commodities of commerce, and have no substantial non-infringing use. Upon information and belief, Defendant knew, or should have known, that its search engine software and other products were especially made or adapted for an infringing use.

## CAUSE OF ACTION
## INFRINGEMENT OF U.S. PATENT NO. 6,804,418

14. Defendant has infringed and is infringing the '418 Patent by making, using, offering for sale, and selling in the United States, without authority, products and

services that infringe one or more claims of the '418 Patent, including at least claims 1, 2, 4–6, 11, 12, 14–17, 21, 22, 24, 27, 31–33, and 39.

15. Defendant's infringement of the '418 Patent is exceptional and entitles WisTech to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

16. Defendant's acts of infringement have caused damage to WisTech, and WisTech is entitled to recover from Defendant compensation as a result of Defendant's wrongful acts in an amount subject to proof at trial, injunctive relief, and such other relief as may be appropriate.

**DEMAND FOR JURY TRIAL**

17. WisTech demands a trial by jury under Federal Rule of Civil Procedure 38(b).

**RELIEF REQUESTED**

WHEREFORE, WisTech asks this Court to enter judgment against Fatwallet and against Fatwallet's subsidiaries, affiliates, agents, servants, and employees and all persons in active concert or participation with them, granting the following relief:

A. A judgment or order declaring that Fatwallet has infringed, induced others to infringe, and/or contributorily infringed the '418 Patent;

B. A judgment, order, or award of damages adequate to compensate WisTech for Fatwallet's infringement of the '418 Patent, based on lost sales, lost profits, price erosion, loss of market share, or any other applicable theory, together with prejudgment interest from the date infringement of the '418 Patent began;

C. Preliminary and permanent injunctions prohibiting further infringement, inducement, and contributory infringement of the '418 Patent;

D. A finding that this case is exceptional and an award to WisTech of its attorneys' fees and costs as provided by 35 U.S.C. § 285;

E. Increased damages as permitted by 35 U.S.C. § 284, together with prejudgment interest; and

F. Such other and further relief as this Court or a jury may deem proper and just.


Dated May 3, 2012.            Respectfully Submitted,


NEWMAN DU WORS LLP


/s/ Derek Linke
Derek A. Newman
Derek Linke
1201 Third Avenue, Suite 1600
Seattle, WA 98101
Telephone: (206) 274-2800
Facsimile: (206) 274-2801
*derek@newmanlaw.com*
*linke@newmanlaw.com*

Attorneys for Plaintiff
Wisconsin Technology Venture Group, LLC