IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WISCONSIN TECHNOLOGY
VENTURE GROUP, LLC,

                Plaintiff,

     v.

FATWALLET, INC.,

                Defendant.

                                    OPINION and ORDER

                                      12-cv-326-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     Plaintiff Wisconsin Technology Venture Group, LLC contends that defendant Fatwallet, Inc. is infringing plaintiff's United States Patent no. 8,032,418 related to internet searching. Defendant has filed several affirmative defenses, as well as counterclaims for invalidity and noninfringment of the '418 patent. Now before the court is plaintiff's motion to dismiss defendant's counterclaims under Fed. R. Civ. P. 12(b)(6) for defendant's failure to comply with the pleading standards set forth in Fed. R. Civ. P. 8 and the Supreme Court's decisions in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009), and <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).

     I am granting the motion with respect to defendant's counterclaim of invalidity because defendant has failed to allege facts sufficient to satisfy the pleading requirements of Rule 8 for that claim. However, I am denying the motion to dismiss defendant's counterclaim of noninfringement because it satisfies the pleading requirements of Form 18

1

of the Federal Rules of Civil Procedure.

## OPINION

To comply with Rule 8, defendant's counterclaims must "state a claim to relief that is plausible on its face," and plead "[f]actual allegations [that are] enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  Generally, conclusory allegations that simply list the elements of a claim are not sufficient.  Iqbal, 556 U.S. at 678.

Defendant's only allegations in support of its counterclaim for noninfringement are that "[plaintiff] asserts in this action that [defendant] is liable for infringement of the '418 patent," and that defendant "is not infringing, has not infringed, and is not liable for any infringement of the '418 patent. . . ."  Dft.'s Ans. & Counterclaim, dkt. #5, ¶¶ 34-34.  With respect to its invalidity counterclaim, defendant alleges that "[t]he '418 patent is invalid for failure to meet one or more of the conditions of patentability specified in Title 35, U.S.C., or the rules, regulations, and law related thereto, including, without limitation, in 35 U.S.C. §§ 101, 102, 103, and/or 112."  Id. at ¶ 38.  Plaintiff contends that these allegations fail to satisfy the applicable pleadings standards because they are wholly conclusory and provide no factual details about why defendant believes its products are not infringing and why it believes plaintiff's patents are invalid.

In response, defendant contends that its counterclaims comply with the template for patent complaints set forth in Form 18 of the Federal Rules of Civil Procedure.  Form 18 instructs a plaintiff alleging direct infringement to include:

> 1) an allegation of jurisdiction; 2) a statement that the plaintiff owns the patent; 3) a statement that defendant has been infringing the patent "by making, selling, and using [the device] embodying the patent"; 4) a statement that the plaintiff has given the defendant notice of its infringement; and 5) a demand for an injunction and damages.

McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1357 (Fed. Cir. 2007).

I have stated in previous cases that a complaint for patent infringement containing only the information set forth in Form 18 may not satisfy the requirements of Twombly and Iqbal, particularly if the plaintiff is asserting numerous patents and claims.   E.g., Synchronoss Technologies, Inc. v. Dashwire, Inc., 11-cv-2-bbc, dkt. #24 (dismissing complaint for failing to identify asserted claims and accused products, even though complaint technically complied with Form 18) (April, 4, 2011); Hunts Point Ventures, Inc. v. Digecor, Inc., 11-cv-319-bbc, dkt. #13 (Aug. 24, 2011).   Other courts have also questioned whether the forms can be reconciled with Twombly and Iqbal.   Bender v. LG Electronics U.S.A., Inc., 2010 WL 889541, *5 (N.D. Cal. Mar. 11, 2010) (noting difficulty in "reconcil[ing] the guidelines set forth in Twombly and Iqbal with Form 18"); Elan Microelectronics Corp. v. Apple, Inc., 2009 WL 2972374, at *2 (N.D. Cal. Sept. 14, 2009) ("It is not easy to reconcile Form 18 with the guidance of the Supreme Court in Twombly and Iqbal").   See also Avocet Sports Tech., Inc. v. Garmin Int'l, Inc., 2012 WL 1030031, at *3 (N.D. Cal. Mar. 22, 2012) (stating that Form 18 "does not provide adequate notice under the heightened pleading standards articulated in [Twombly and Iqbal]").

However, in a recent opinion, the Court of Appeals for the Federal Circuit confirmed that, "[a]s long as the complaint in question contains sufficient factual allegations to meet

3

the requirements of Form 18, the complaint has sufficiently pled direct infringement." In re Bill of Lading Transmission & Processing System Patent Litigation, 681 F.3d 1323, 1335 (Fed. Cir. 2012).  The court relied on Fed. R. Civ. P. 84, which states that "[t]he forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate," as well as Supreme Court precedent.  Id. at 1334 (citing Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993) (any changes to the Federal Rules of Civil Procedure "must be obtained by the process of amending the Federal Rules, and not by judicial interpretation").  The court of appeals explained that "to the extent the parties argue that Twombly and its progeny conflict with the Forms and create differing pleading requirements, the Forms control."  Id.

The court's opinion in Bill of Lading is not technically binding on this court because, as the court of appeals explained, it was reviewing the underlying district court's order granting the motion to dismiss for failure to state a claim "under the applicable law of the regional circuit," in that case, the Sixth Circuit.  Id. at 1331.  However, the court of appeals' analysis of Form 18 and the pleading requirements for patent infringement relies on the Federal Forms and Supreme Court authority and I find no reason to reject the court's analysis.  Further, the Court of Appeals for the Federal Circuit appears to be the only circuit court to address the issue directly, and because of Form 18's specific application to patent law, it is likely to be the only appellate court to do so in the absence of Supreme Court review.  Other district courts outside the Sixth Circuit have followed Bill of Lading.  E.g., InMotion Imagery Technologies v. Brain Damage Films, 2012 WL 3283371, *2 (E.D. Tex.

4

Aug. 10. 2012) (applying <u>Bill of Lading</u> to direct infringement claim and denying motion to dismiss; <u>Joao Control & Monitoring Systems of California, LLC v. Sling Media, Inc.</u>, 2012 WL 3249510, *5 (N.D. Cal. Aug. 7, 2012) (same); <u>Pragmatus Telecom, LLC v. Ford Motor Co.</u>, 2012 WL 2700495, *1 (D. Del. July 5, 2012) (same); <u>Pagemelding, Inc. v. ESPN, Inc.</u>, 2012 WL 2285201, at *1 (N.D. Cal. June 18, 2012) (same).

Although Form 18 applies to claims of direct infringement, I see no reason why the standard should not apply to defendant's noninfringement counterclaim.  If a plaintiff can state a claim for direct infringement by alleging that it owns a patent and that "defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent,'" <u>Bill of Lading</u>, 681 F.3d at 1334, defendant may state a mirror-image counterclaim of noninfringement by alleging that its accused product does not infringe plaintiff's patent. Thus, under Form 18 and the rule in <u>Bill of Lading</u>, defendant's allegations are sufficient. I agree with the conclusion reached by the court in  <u>Microsoft Corp. v. Phoenix Solutions, Inc.</u>, 741 F. Supp. 2d 1156, 1159 (C.D. Cal. 2010), that both "a party alleging direct infringement" and "a declaratory judgment claim of no direct infringement" need only "comply with Form 18".

The next question is whether defendant has alleged facts sufficient to challenge the validity of plaintiff's patent.  Defendant argues that if short and conclusory allegations are sufficient under Form 18 and the federal rules for claims of infringement, such allegations should be sufficient for counterclaims of invalidity.  This makes some sense, particularly because the forms are intended to illustrate "the simplicity and brevity" that the federal rules

contemplate.  Fed. R. Civ. P. 84.  However, the court of appeals made it clear that its holding in Bill of Lading was limited to pleading standards for direct infringement.  Bill of Lading, 681 F.3d at 1336 (stating that "Form 18 should be strictly construed as measuring only the sufficiency of allegations for direct infringement" and that Forms appearing in the Federal Rules of Civil Procedure are "controlling only for causes of action for which there are sample pleadings").  Thus, in considering whether the plaintiff in that case had properly pleaded claims for *indirect* infringement, the court looked "to Supreme Court precedent," and in particular, to Twombly and Iqbal "for guidance regarding the pleading requirements."  Id. Under the court of appeals' reasoning, I must apply the general guidance from Iqbal and Twombly when evaluating defendant's counterclaim for invalidity.

Defendant's claim of invalidity provides no allegations that would suggest why plaintiff's patent may be unenforceable.  Instead, defendant relies on the bare assertion that the claims are unenforceable for one or more unspecified reasons.  As I have explained in a previous case, such conclusory assertions do not satisfy Rule 8 or the standards set forth in Twombly and Iqbal.  Genetic Technologies Ltd. v. Interleukin Genetics Inc., 2010 WL 3362344, *1-2 (W.D. Wis. Aug. 24, 2010) (dismissing defendant's counterclaim for failure to state claim where defendant stated in conclusory fashion that plaintiff's patents were invalid under one or more sections of Title 35 of United States Code).  See also Cleversafe. Inc. v. Amplidata, Inc., 2011 WL 6379300 (N.D. Ill. Dec. 20, 2011) (dismissing invalidity counterclaim because defendant "d[id] not allege that [plaintiff's] asserted patents are invalid for any specific reason or under any certain statutory provision").  Because there is

6

no Form in the Federal Rule of Civil Procedures that allows defendant to rely on such bare assertions, I will dismiss defendant's counterclaim of invalidity.  However, defendant may file an amended counterclaim that complies with Fed. R. Civ. P. 8.


ORDER

IT IS ORDERED that plaintiff Wisconsin Technology Venture Group, LLC's motion to dismiss, dkt. #9, is GRANTED IN PART and DENIED IN PART.  The motion is GRANTED with respect to defendant Fatwallet, Inc.'s counterclaim of invalidity.  That counterclaim is DISMISSED for failure to satisfy Fed. R. Civ. P. 8.  The motion is DENIED in all other respects.  Defendant may file an amended counterclaim that complies with Fed. R. Civ. P. 8.

Entered this 29th day of August, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

7