IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| WISCONSIN TECHNOLOGY VENTURE GROUP, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>FATWALLET, INC.,<br><br>      Defendant. | Civil Action No. 3:12-cv-326 |

**STIPULATED PROTECTIVE ORDER**

WHEREAS, Wisconsin Technology Venture Group, LLC ("WisTech") and FatWallet, Inc. ("FatWallet") (collectively "the parties") have stipulated that certain discovery material be treated as confidential and protected information as more specifically set forth below;

WHEREAS discovery in this action may involve the disclosure of certain information, documents, and things in the possession, custody or control of the parties, or non-parties, that constitute or contain trade secrets or other confidential research, development, or commercial information within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") or sensitive personally-identifying information whose disclosure would risk subjecting a person to annoyance, embarrassment, or oppression within the meaning of Rule 26(c)(1);

WHEREAS such information must be protected in order to preserve the legitimate business interests of the parties or non-parties; and

WHEREAS the parties, through counsel, stipulate that good cause exists for the entry of this Protective Order (or "Order") pursuant to Rule 26(c) for the purpose of preventing unnecessary dissemination or disclosure of such information;

IT IS HEREBY STIPULATED between the parties, subject to the approval of the Court, as follows:

### Definitions

1. The term "Protected Information" means any information that reveals what a party or non-party ("Designating Party") considers to be its trade secret, confidential, or proprietary information, or sensitive personally-identifying information produced, filed, or otherwise disclosed in connection with this action, including, but not limited to, in-court filings, discovery materials, disclosures, or testimony.

2. This Protective Order establishes two categories of Protected Information. The first is a higher category referred to as "ATTORNEYS' EYES ONLY." The second is a lower category referred to as "CONFIDENTIAL."

3. The "CONFIDENTIAL" designation may be used by a Designating Party for information that the Designating Party believes in good faith to constitute, contain, reveal, or reflect confidential research, development, commercial, or personnel information relating to its business, or which was disclosed to it in confidence by any other person, the disclosure of which to the general public could adversely prejudice the Designating Party or its business. Protected Information that is designated as "CONFIDENTIAL" may only be disclosed by a party receiving the information ("Receiving Party") to any of the individuals identified in paragraphs 4(a)-4(j).

4. The term "Qualified Person" shall mean:
(a) the Court and its official personnel;
(b) the jury;
(c) WisTech's counsel of record in this lawsuit, and their law firm's active members, associate attorneys, paralegals, and office staff working on this case ("WisTech's Counsel");

2

(d) FatWallet's counsel of record in this lawsuit, and their law firms' active members, associate attorneys, paralegals, and office staff working on this case ("FatWallet's Counsel");

(e) in-house counsel for WisTech and in-house counsel for FatWallet, identified by name below ("Designated House Counsel"), which a party may amend from time to time by giving notice to the other party without leave of court and (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, and (3) who has signed the "Declaration and Agreement to Be Bound" (Exhibit A):

> For WisTech: Michael Geroe
>
> For FatWallet: Ken Hirschman

(f) persons or entities that provide litigation support services (e.g., court reporters, stenographers, videographers, translators, third-party photocopy or imaging services contractors, third-party contractors producing graphic or visual aids) and their employees and subcontractors ("Professional Vendors");

(g) any independent expert or consultant with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a party or of a party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a party or of a party's competitor ("Experts");

(h) jury consultants involved solely in providing litigation support services to FatWallet's Counsel or WisTech's Counsel;

(i) any other person subsequently designated as a "Qualified Person" by order of the Court or by written agreement (e.g. by email correspondence) of the parties; and

(j) any person who authored and/or received the particular "CONFIDENTIAL" information sought to be disclosed to that person, or any deponent when the examining attorney has a good faith basis to believe the deponent is the author and/or received the particular "CONFIDENTIAL" information sought to be disclosed to that deponent.

5. The "ATTORNEYS' EYES ONLY" designation may be used by a Designating Party for any subset of "CONFIDENTIAL" information, the disclosure of which would create a substantial risk of serious harm that could not be avoided by less restrictive means, including, but

not limited to, (i) financial information and forecasts and any other sales data, (ii) future products and products in development, and (iii) source code.

6. Protected Information that is designated as "ATTORNEYS' EYES ONLY" may only be disclosed to the individuals identified in paragraphs 4(a)-4(j). Except as set forth in paragraphs 4(a)-4(j), no officers, directors, and employees of the parties, may receive, review, or otherwise be given custody of any documents or things designated "ATTORNEYS' EYES ONLY," and counsel and others bound by this Protective Order are prohibited from transmitting, providing, or showing this information to said officers, directors, or employees of the Parties.

## Designating Protected Information

7. Each Designating Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Objections to designations shall be addressed as provided below in Paragraphs 21-23. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it

4

is withdrawing the mistaken designation and must promptly supply information or items bearing the lower-level of designation or no designation, as necessary.

## Use of Protected Information

8. Unless ordered by the Court, or otherwise provided for herein, Protected Information disclosed will be held and used by the person receiving such information solely for use in connection with the action (including appeals) in which this Order issued. This Order does not restrict in any manner the use or disclosure by a Designating Party of any information in its own documents or things.

9. Nothing in this Protective Order shall prevent any person, including a Qualified Person, from making use of any information that is designated as Protected Information if such information:

   (a) was lawfully in his or her possession prior to receipt under the provisions of this Protective Order;

   (b) was or becomes available to the public through no fault of a Qualified Person;

   (c) was or is obtained from a source not under an obligation of secrecy to the Designating Party;

   (d) is exempted from the operation of this Protective Order by consent of the Designating Party in writing or on the record; or

   (e) is exempted from the operation of this Protective Order by order of this Court.

## Disclosure of Protected Information

10. Protected Information shall not be made available to anyone other than a Qualified Person or the Designating Party, except as otherwise provided in this Protective Order.

11. A document that contains or reveals Protected Information may be shown to any person indicated in such document to be its originator or author or the recipient of a copy.

5

12. A document that contains or reveals Protected Information may be shown to a witness testifying under oath if disclosure is reasonably necessary for this litigation.

13. Protected Information may be disclosed to a witness testifying under oath if the witness is a current or former officer, director, or employee of the Designating Party.

14. Nothing in this Protective Order shall prevent disclosure of Protected Information if the Designating Party consents to such disclosure in writing or on the record or if the Court, after notice to all parties, orders such disclosure.

15. Regarding disclosure of Protected Information to Qualified Persons:

(a) Counsel desiring to disclose Protected Information to an independent expert or consultant according to subparagraph 4(g) shall first obtain a signed declaration in the form shown in attached Exhibit A from that person. So that a Receiving Party does not disclose Protected Information to a Designating Party's competitor or someone who would otherwise pose an unreasonable risk of compromising the Designating Party's Protected Information, at least seven (7) calendar days in advance of the proposed disclosure of any Protected Information to that person, counsel shall serve on all parties that person's signed declaration (in the form of Exhibit A) and curriculum vitae or résumé. A Designating Party may object to such disclosure for cause by serving a written objection upon each other party within seven (7) calendar days after receiving the signed declaration. Failure to timely object shall operate as a waiver of the objection. If a Designating Party objects to the proposed disclosure, the objecting party's Protected Information shall not be disclosed to such person except by order of the Court or by written consent of the objecting party. The objecting party shall have the burden of proving that disclosure should not be made.

(b) The sole purpose of the disclosure required by Paragraph 15(a) is to ensure against any potential misuse of the Designating Party's Protected Information. Accordingly, in no event shall any disclosure of an independent expert or consultant pursuant to Paragraph 15(a) be used for any reason against the disclosing party, including at trial.

(c) In the event such person (to whom Protected Information is to be disclosed) refuses to sign an agreement in the form shown in attached Exhibit A, the party desiring to disclose the Protected Information may seek appropriate relief from the Court.

16. Prior to disclosing or displaying the Protected Information to any person, counsel shall:

(a) Inform the person of the confidential nature of the information or documents; and

(b) Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

### Identification of Protected Information During Deposition

17. Information disclosed at a deposition may be designated as Protected Information by a party or third party either (a) on the record at the deposition or (b) by serving a written notification on each party within thirty (30) calendar days of receipt of the transcript by counsel for the Designating Party. Such written notification shall identify the specific pages and lines of the transcript that contain "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" testimony. A copy of such written notification shall be attached to the face of the transcript and each copy of the transcript in the possession, custody, or control of any Qualified Person. All information disclosed during a deposition shall be treated as "ATTORNEYS' EYES ONLY" until at least thirty (30) calendar days after a transcript of the deposition is received by counsel for each of the parties. A deponent may review the transcript of his or her deposition at any time.

18. Only Qualified Persons and the deponent shall be allowed to attend any portion of a deposition in which Protected Information is used or elicited from the deponent. The Parties expressly agree that all persons not so qualified may be excluded from the portion of any deposition in which Protected Information is shown or discussed.

19. Deposition transcripts containing Protected Information shall be prominently marked on the front page with a statement that provides "THIS DEPOSITION TRANSCRIPT

CONTAINS PROTECTED INFORMATION THAT IS SUBJECT TO PROTECTIVE ORDER."

### Inadvertent Failure to Designate

20. The inadvertent failure by a party to designate specific documents or materials as containing Protected Information shall not be deemed a waiver in whole or in part of a claim of confidentiality as to such documents or materials. Upon notice to each party of such failure to designate, each party shall cooperate to restore the confidentiality of the inadvertently disclosed information.

### Challenges to Protected Information Designation

21. Any Receiving Party or Qualified Person may dispute or challenge the designation of any information as Protected Information by motion to the Court. Before doing so, however, the challenging party shall identify (in writing) to the Designating Party each document whose designation is challenged, and the parties shall thereafter meet and confer in person or by telephone in an effort to resolve the contested designation.

22. If any Receiving Party or Qualified Person disputes or challenges the designation of any information as Protected Information, such information shall nevertheless be treated as Protected Information in accordance with the provisions of this Protective Order until such designation is removed by order of the Court or by written consent of the Designating Party.

23. A party shall not be obligated to challenge the propriety of a Protected Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event a party challenges another party's confidential designation, as described above, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. The

designating party shall have the burden of demonstrating the propriety of a challenged confidentiality designation.

24. Nothing in this Protective Order operates to create an admission by any party that Protected Information disclosed in this case is relevant or admissible or otherwise modifies the Federal Rules of Evidence or the parties' substantive rights and obligations. Each party specifically reserves the right to object to the use or admissibility of all Protected Information disclosed, in accordance with applicable law and Court rules.

### Inadvertent Production of Privileged Information

25. Pursuant to Rule 502 of the Federal Rules of Evidence and Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure, the inadvertent production of documents or information subject to the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity shall not constitute a waiver of such privilege(s). In addition, the parties agree that if a document subject to the attorney-client privilege or the attorney work-product doctrine is included in documents made available for inspection, such disclosure shall not be considered a waiver of the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity. Inadvertent production of documents or information shall be handled as follows, without prejudice to the right of any party to apply to the Court for further protection or disclosure relating to discovery:

 (a)   Immediately upon receiving notice from the producing party that documents or materials subject to the attorney-client privilege or work-product immunity have been inadvertently produced, the receiving party shall not review, copy, or otherwise disseminate the documents or materials, or disclose their substance. In addition, the receiving party shall return the documents or materials and all copies within five (5) business days from receiving notice.

 (b)   If the receiving party believes it has a good-faith basis for challenging the privilege claim, counsel for the receiving party shall provide to counsel for the producing party, within seven (7) business days after receipt of the producing

   party's request for return, a written explanation of the good-faith basis for its belief that the inadvertently produced documents or information are not privileged.

 (c) Counsel for the producing party shall respond in writing to the receiving party's Counsel's timely challenge to the privilege or immunity claim within seven (7) business days from receipt of the challenge.

 (d) In the event the parties cannot agree as to the privilege or immunity status of the inadvertently produced documents or materials, the receiving party has ten (10) business days from receipt of the producing party's written response to the privilege challenge to seek relief from the Court compelling production of the inadvertently produced documents or information. The receiving party shall not use the substantive content of the inadvertently produced documents or information to challenge the privilege or immunity status of such material. In the event that the challenge to a claim of privilege comes before the Court, the producing party shall have the burden of proving that the produced documents or information are privileged.

26. Once a document or information has been used during a deposition, used as an exhibit to a pleading filed with the Court, identified for use at trial or otherwise disclosed to the Court, the producing party has thirty (30) calendar days from the date of use or disclosure to provide notice of the inadvertent production. Notwithstanding any other provision of this Protective Order, failure to provide notice within this 30-day period shall constitute a waiver of any and all applicable privileges with respect to the inadvertently produced documents or information only.

## Filing of Protected Information

27. Documents containing Protected Information may be filed under seal only in accordance with Administrative Order No. 296.

## Advice to Clients

28. Nothing in this Protective Order shall bar or otherwise restrict an attorney herein from rendering advice to his or her client with respect to this action and, in the course thereof, referring to or relying upon his or her examination of Protected Information. In rendering such

advice and in otherwise communicating with his or her client, the attorney can disclose the general nature of the Protected Information but shall not disclose the specifics of any such Protected Information if such disclosure would be contrary to the provisions of this Protective Order.

### Other Proceedings

29. By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

### Miscellaneous

30. This Order is applicable to the parties, to any third parties who utilize the provisions of Paragraph 34, and to the representatives, experts, and employees of the parties or third parties. This Order shall not, in any manner, be disclosed to the jury in any litigation between or among the parties. Further, this Order shall not be used, in any manner or form, direct or indirect, as evidence in any trial or any hearing, or referred to in any trial or any hearing, save and except a hearing which involves issues related to the enforcement of any provision of this Order.

31. No party shall be responsible to another party as provided under this Order for any use made of information that is produced and not designated as Protected Information.

32. Nothing in this Protective Order shall prejudice the right of any party to apply to the Court for any further order under Rule 26(c) of the Federal Rules of Civil Procedure relating to confidential information, or to object to the production of documents or information, or to apply to the Court for an order compelling production of documents or information, or for modification of this Order, or to seek any other relief from the Court. The parties may modify this Order by written agreement.

33. In the event that a new party is joined, this Protective Order will be binding on and inure to the benefit of the new party, subject to the right of the new party to seek relief from or modification of this Protective Order.

34. In the event that a party seeks discovery via subpoena or similar court order from a third party, all parties shall treat any documents or things produced by a third party or testimony provided by that third party in response to the subpoena as if designated ATTORNEYS' EYES ONLY for a period of ten (10) business days from the date of receipt thereof, regardless of whether such documents or things have been so designated by the third party. To the extent any party has a good faith basis to believe that any such documents or things produced by the third party or testimony provided by that third party disclose or include its CONFIDENTIAL or ATTORNEYS' EYES ONLY information, such party shall be permitted to designate the information in accordance with the terms of this Stipulation and Protective Order. After ten (10) business days from the date of receipt of any information or things produced by a third party or testimony provided by that third party, the parties shall treat such documents and things in accordance with the designations, if any, made by the third party or any receiving party, whichever provides the greatest level of protection, subject to the right of any other party to challenge such designation in accordance with the terms of this Protective Order.

35. At the conclusion of this litigation (including all appeals), the Protected Information and any copies thereof shall be promptly (and in no event later than forty-five (45) calendar days after entry of final judgment) returned to the producing party or confirmed as destroyed. Notwithstanding the foregoing, counsel for a receiving party may retain Protected Information to the extent such Protected Information is contained in counsel's work product, correspondence between counsel, or in copies of pleadings and materials that are of record in the litigation, subject to the continued treatment of those retained materials under this Protective Order.

36. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

37. The provisions of this Protective Order shall survive and remain in full force and effect after the termination of this litigation (including any appeals).

38. Notice under this Protective Order shall be to the parties as follows, unless this provision is modified by the parties in writing and filed with this Court: notice to WisTech shall be made to WisTech's Counsel and notice to FatWallet shall be made to FatWallet's Counsel, all at their respective addresses of record filed with this Court for this civil action.

39. This Court shall have exclusive jurisdiction to hear any complaint brought by any party alleging that any person has breached the terms of this Order. Such complaint shall be brought by motion for appropriate relief. The Court shall also retain jurisdiction over the Parties and any other person who has had access to Protected Information pursuant to this Order, so that the Court can continue to enforce this Order.

IT IS SO ORDERED.

Date:   1/18/13

_____
United States District Judge
MAGISTRATE

Agreed to and accepted as to both form and substance.

Dated: January 18, 2013

| PARK, VAUGHAN, FLEMING & DOWLER LLP | NEWMAN DU WORS LLP |
|---|---|
| _/s/ Shane A. Nelson_<br>Michael S. Dowler<br>Shane A. Nelson<br>5847 San Felipe, Suite 1700<br>Houston, TX 77018<br>Telephone: 713-821-1540<br>Facsimile: 713-821-1401<br>mike@parklegal.com<br>shane@parklegal.com | _/s/ Derek Newman_<br>Derek Newman<br>Derek Linke<br>1201 Third Avenue, Suite 1600<br>Seattle, WA 98101<br>Telephone: 206-274-2800<br>Facsimile: 206-274-2801<br>Derek@newmanlaw.com<br>Linke@newmanlaw.com |
| Attorneys for Defendant, FatWallet, Inc. | Attorneys for Plaintiff, Wisconsin Technology Venture Group, LLC |

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| WISCONSIN TECHNOLOGY VENTURE GROUP, LLC, <br><br> Plaintiff, <br><br> v. <br><br> FATWALLET, INC., <br><br> Defendant. | Civil Action No. 3:12-cv-326 |

## DECLARATION AND AGREEMENT TO BE BOUND

I, _____, declare and state under penalty of perjury that:

1. My address is _____.

2. My present employer is _____ and the address of my present employer is _____.

3. My present occupation or job description is _____.

4. I have received and carefully read the Stipulated Protective Order in the above-captioned case. I certify that I understand the terms of that Protective Order, recognize that I am bound by the terms of that Order, and agree to comply with those terms. Further, I understand that unauthorized disclosure of any Protected Information, or its substance, may constitute contempt of this Court and may subject me to sanctions or other remedies that may be imposed by the Court and to potential liability in a civil action for damages by the disclosing party.

1

Pursuant to 21 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed On: _____  _____